FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 10 2004

JAMES W. McCORMACK, CLERK
_____
DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| EARL WARREN, and<br>STEPHANIE C. WARREN,<br>husband and wife,<br><br>　　　　Plaintiffs,<br><br>-vs-<br><br>THE UNIVERSITY HOSPITAL OF<br>ARKANSAS, a/k/a UAMS MEDICAL<br>CENTER, CHARLES WENDLING, M.D.,<br>T. GLENN PAIT, M.D., GARY BARONE, M.D.,<br>KENAN ARNAUTOVIC, M.D., and<br>JAMIE DANIEL, M.D.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  4-04 CV00001399 JMM<br>)  Case No. _____<br>)  JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

EARL WARREN and STEPHANIE C. WARREN state:

1. The plaintiffs are residents of the State of Oklahoma.

2. Upon information and belief, the defendants are all residents and/or domiciled in the State of Arkansas. The individual defendants are physicians providing services for profit within the State of Arkansas. The corporate defendant is an entity providing hospital services in Little Rock, Arkansas.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1).

4. A substantial part of the events or omissions giving rise to the claims brought herein occurred in this judicial district. Furthermore, the defendants reside in this judicial district. Venue is proper pursuant to 28 U.S.C. § 1391(a).

5. The matter in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs.

6. On October 30, 2002, EARL WARREN was admitted as a patient to the defendant, University Hospital of Arkansas (the "Hospital"). The purpose of the admission was to, among other things, treat EARL WARREN's back problems.

7. Upon information and belief, on November 12, 2002, the individual defendants were involved in the decision to perform surgery on EARL WARREN'S thoracic and lumbar spine for "stabilization." One or more of the individual defendants were the surgeons that performed the surgery on November 12, 2002. It is unknown at this time what surgeon performed what task related to the surgery.

8. Upon information and belief, other agents and employees of the Hospital and the individual defendants, or each of them, performed medical services related to the November 12, 2002, surgery. At all relevant times, such agents and employees were acting within the course and scope of his or her authority, agency and/or employment.

9. The individual defendants, and each of them, owed the plaintiffs the duty to possess and exercise the degree of knowledge, skill, care and diligence that is possessed and exercised by similarly situated medical providers in the same field of practice under the same or similar circumstances. The individual defendants impliedly guaranteed that they possessed that degree of leaning, skill, and experience ordinarily possessed by others in their profession. The individual defendants also impliedly guaranteed that they would use ordinary care in the exercise of their skill and application of their knowledge and experience to accomplish the purpose for which they were employed.

10. The Hospital owed the plaintiffs the duty to exercise ordinary care and attention for its patients. This includes, but is not limited to, a duty to supervise care rendered to patients

such as EARL WARREN by hospital employees, to use reasonable care when providing the patient with a health care provider, to ensure that staff privileges are granted only to competent physicians, and to protect patients from physicians that it knows or should know are incompetent. The Hospital is also liable to its patients, and the plaintiffs, for the acts of its agents and employees under the doctrine of *respondeat superior.*

11. The individual defendants owed EARL WARREN the duty to disclose to him all relevant information to enable him to make an informed decision on whether to consent to or reject the procedure that was performed on November 12, 2002. This duty included advising EARL WARREN, in understandable terms, that the proposed surgery involved a risk of death or serious bodily harm, the possibility of such outcome, and the possibility of other complications. It also includes the duty to inform EARL WARREN of any alternatives to the proposed surgery and the risks of each, including the risk in foregoing all treatment or surgery.

12. The defendants violated their duties to the plaintiffs during the surgery performed on November 12, 2002. The individual defendants also violated their duty to provide EARL WARREN with adequate informed consent prior to the surgery in question. EARL WARREN relied on the information supplied by the individual defendants and would have chosen a different course of treatment had the alternatives and material risks of each been made known to him.

13. The violation of the duties enumerated above by the defendants including the defendants' failure to exercise the requisite learning, care, and skill, during the November 12, 2002, surgery proximately caused injuries to EARL WARREN including, but not limited to,

rendering him a paraplegic. Such injuries are permanent in nature and are continuing.

14. The defendants' failure to exercise the requisite learning, care, and skill, during the surgery proximately caused injuries to STEPHANIE C. WARREN including, but not limited to, causing her a loss of spousal consortium due to the injuries to her husband. Such injuries are permanent in nature and are continuing.

15. The injuries suffered by EARL WARREN were caused by a device or procedure exclusively within the control of the defendants. Furthermore, the injuries suffered by EARL WARREN do not ordinarily occur under the circumstances in the absence of negligence on the part of a physician or other medical provider.

16. Due to the injuries described above, the plaintiffs are entitled to damages which exceed $75,000.00 exclusive of interest and costs.

WHEREFORE, premises considered, the plaintiffs each pray for judgments against each of the defendants, jointly and severally, in a sum in excess of $75,000.00, together with costs, pre-judgment and post-judgment interest at the maximum allowable rate, and for all such further relief as the plaintiffs may be by law entitled.

Respectfully submitted,

Jon Ed Brown, OBA # 16186
LeFORCE & McCOMBS, P.C.
117 N. Central
Idabel, Oklahoma 74745
(580) 286-6636
(580) 286-2163 (FAX)

ATTORNEYS FOR PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**